UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**TERRY W. COOK JR.**                                                                                  **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 4:22-CV-P48-JHM**

**DAVIESS COUNTY DETENTION CENTER** *et al.*                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims but provide him the opportunity to amend his complaint.

**I.**

Plaintiff Terry W. Cook Jr. is incarcerated as a pretrial detainee at the Daviess County Detention Center (DCDC). He names DCDC and the following as Defendants in this action – Jailer Art Maglinger[1]; Dr. Tamberly McCoy; Nurse Scotti Martin; Nurse Jenny Phillips; and Nurse Vera Hanson. He sues these Defendants in both their official and individual capacities.

Plaintiff makes the following allegations in the complaint:

On 8-3-21 a campylobacter infection began affecting my kidneys in which I caught from eating old cooked kitchen food Daviess County Jail served to inmates here. On 8-4-21 started feeling funny/hurting in my stomach. On 8-5-21 I was rushed to the hospital with B/P of 60 over 60 then began dialysis on 8-6-21 and admitted to ICU on same days. I was let go to a regular room on 8-9-21. Was released from [hospital] on 10/2 follow up appointments for kidney specialist. One at wk 4 then the 2nd one at wk 6. Told by medical here at [DCDC] the follow ups "weren't necessary." My BP med was tampered with by switching them out on me every 6-8 weeks without seeing Doctors or Nurses. When asked why I was told to just take them or go to suicide watch. Turned in grievance asking why I wasn't allowed to go to my appointments. No response has been given as of this civil suit . . . .

---

[1] Although Defendant Maglinger is not listed as a Defendant in the caption of the complaint form, he is the first Defendant listed by Plaintiff in the "Defendants" section of the complaint form. Thus, the Court will direct the Clerk to add him as a party to this action.

As relief, Plaintiff seeks damages and requests to see a "professional doctor."

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Defendant DCDC and Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, because Plaintiff indicates that all Defendants are employed by DCDC, Plaintiff's official-capacity claims are actually against Daviess County. Moreover, because DCDC is not an entity subject to suit under § 1983, Plaintiff's claims against it are actually against Daviess County as well. *See, e.g.*, *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *5 (6th Cir. Nov. 6, 2000) (holding that a jail "is not an entity subject to suit under § 1983"); *Matthews v. Jones*,

35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").[2]

"A municipality may not be held liable under § 1983 on a respondeat superior theory—in other words, 'solely because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 691). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To state a claim, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body [or entity] under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). To establish a municipal custom or policy, a plaintiff must sufficiently demonstrate: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision[-]making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

---

[2] Because DCDC is not an entity subject to suit, and because Plaintiff's claims against it are redundant to his official-capacity claims against the other Defendants in that they are all actually against Daviess County, the Court will direct the Clerk of Court to terminate DCDC as a party to this action.

The complaint contains no allegations which suggest that the alleged violation of Plaintiff's constitutional rights was the result of a custom or policy implemented or endorsed by Daviess County. Accordingly, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

The complaint also fails to state an individual-capacity claim against any Defendant because Plaintiff does not describe how any Defendant personally violated his constitutional rights. *See, e.g.*, *Lister v. Allen Oakwood Corr. Inst.*, No. 3:19-cv-1583, 2020 U.S. Dist. LEXIS 40093, at *7-8 (N.D. Ohio Mar. 9, 2020) (dismissing claims where the plaintiff generically alleged unconstitutional actions were committed by "Defendants" or "they" for failure to specify which defendant or defendants violated the plaintiff's rights) (citing *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of § 1983 claim for failure to state a claim against defendants in their individual capacity where plaintiff did not allege which of the named defendants were personally responsible for the alleged violations of his rights)).

Nonetheless, prior to dismissing this action, the Court will provide Plaintiff with the opportunity to amend the complaint to allege how each individual Defendant personally violated his constitutional rights. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that under Fed. R. Civ. P. 15(a) "a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [(Prison Litigation Reform Act)]").

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Order, Plaintiff may file an amended complaint in which he sets forth facts detailing how each Defendant allegedly violated his constitutional rights.

If Plaintiff fails to timely file an amended complaint, the Court will dismiss this action for the reasons set forth herein. If Plaintiff files an amended complaint, the Court will review it under § 1915A.

For the reasons set forth above, the **Clerk of Court** is **DIRECTED** to add Art Maglinger as a Defendant to this action and to terminate Daviess County Detention Center as a party to this action.

The **Clerk of Court** is further **DIRECTED** to place the instant case number and the word "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he decide to file an amended complaint.

Date: August 19, 2022

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Daviess County Attorney
4414.011