UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**TERRY W. COOK JR.**                                                            **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 4:22-CV-P48-JHM**

**DAVIESS COUNTY DETENTION CENTER** *et al.*                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. By prior Memorandum Opinion and Order (DN 13), the Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A. The Court dismissed Plaintiff's official-capacity claims and found that Plaintiff's individual-capacity claims were subject to dismissal because Plaintiff did not describe how any Defendant personally violated his constitutional rights. However, the Court gave Plaintiff the opportunity to file an amended complaint in which he sets forth facts detailing how each Defendant allegedly violated his constitutional rights.

Plaintiff filed an amended complaint (DN 14), which is now before the Court for initial review pursuant to § 1915A. Upon review, the Court will allow some of Plaintiff's claims to continue for further development and dismiss other claims.

**I.**

Plaintiff Terry W. Cook Jr. is incarcerated as a pretrial detainee at the Daviess County Detention Center (DCDC). In the amended complaint, he sues Southern Health Partners (SHP), as well as Dr. Tamberly McCoy and Nurses Jenny Phillips, Nicole Fentress, and Cassandra Thompson in their individual and official capacities.

Plaintiff states that Defendants showed deliberate indifference to his serious medical needs[1] "when the nurses failed to follow their policy to alert the doctor to the emergency situation documented below." Plaintiff reports that on August 4, 2021, he went to the DCDC medical department with "uncontrollable vomiting and dairrhea." He states, "The nurse Nicole Fentress is/was aware of my pre-existing condition of extreme hypertension because she has seen me on this issue several times over the past 18 months. My B.P. at this time was abnormally and extremely low. 82/50." Plaintiff maintains, "Per policy, stated by the nurses, the doctor should have been called but was not. I was assisted back to my cell and told to wait for the doctor who would be here on 8/6/21."

Plaintiff states that on the following day he went to the medical department "with same symptoms only worse. B.P. taken. 80/50. Again, per policy doctor should have been called, but was not." He reports that on the next day, August 6, 2021, he went to the medical department to see Dr. McCoy. He asserts, "I was unable to stand or walk. I arrived in medical in a wheelchair. I was extremely pale, diaphoretic, clammy and incoherent. B.P. was attempted by Nurse Thompson with B.P. machine and by manual cuff. B.P. was too low to register on either. Dr. McCoy ordered me rushed to the hospital via jail cruiser."

Plaintiff reports that he was admitted to the intensive care unit "for extreme dehydration and kidney failure" and states "dialysis ordered and started on 8/7/21. Blood test showed I had contracted campylobacter infection." Plaintiff asserts that upon discharge from the hospital a kidney specialist made two follow up appointments for him and instructed that he should appear

---

[1] Plaintiff alleges that Defendants violated the Eighth Amendment. However, when a pretrial detainee asserts a claim of denial of medical treatment, the claim is analyzed under the Fourteenth Amendment. *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566-67 (6th Cir. 2020) (citing *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018)).

in person. He states, "These appointments were immediately canceled and deemed 'unnecessary' by Dr. McCoy."

Plaintiff alleges that his rights were violated "by SHP nurses and Dr. McCoy because their 'policy' of contacting the doctor was not followed." He states that he asked for a copy of the policy but was told it was confidential. He maintains, "Failure to treat my medical condition and failure to react to my significant drop in B.P. resulted in unnecessary and significant injury and unwanton infliction of pain."

As relief, Plaintiff seeks compensatory and punitive damages and that he be allowed to see a kidney specialist.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

3

(citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

**A. Official-capacity claims and claims against SHP**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). To the extent that Plaintiff alleges that any of Defendants are employees of Daviess County, the official-capacity claims will be dismissed for the reasons stated in the Court's prior Memorandum Opinion and Order dismissing these claims (DN 13).

To the extent that Plaintiff alleges that any of Defendants are employees of SHP, the official-capacity claims are construed as brought against SHP. *See, e.g.*, *Smith v. Davis*, No. 5:17-CV-P187-GNS, 2018 U.S. Dist. LEXIS 41882, at *16 (W.D. Ky. Mar. 14, 2018) (finding official-capacity claim against a Correct Care Solutions (CCS) employee to be against CCS itself). The

same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as SHP.[2] *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id*. Thus, liability of a contracted private entity must be based on a policy or custom of the entity. *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

To state a claim, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

---

[2] "It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).

In the instant case, Plaintiff does not allege that he was denied medical treatment pursuant to a policy or custom of SHP; he alleges that he was denied medical treatment in violation of policy of SHP. Accordingly, Plaintiff's claims against SHP and the official-capacity claims against its employees will be dismissed for failure to state a claim upon which relief may be granted.

**B. Individual-capacity claims**

Upon review, the Court will allow Plaintiff's claims for denial of medical treatment in violation of the Fourteenth Amendment to proceed against McCoy and Fentress in their individual capacities.

As to Defendant Phillips, the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the claim against the defendant is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of plaintiff's claims for failure to state a claim upon which relief may be granted where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant). Plaintiff makes no allegations against Phillips in the amended complaint, and the claim against her must therefore be dismissed for failure to state a claim.

With regard to Thompson, Plaintiff alleges that she attempted to take his blood pressure on August 6, 2021, but it was "too low to register" and that McCoy ordered him to be rushed to the hospital. Thus, Plaintiff alleges that Thompson attempted to provide him medical treatment before he was rushed to the hospital and not that Thompson denied him treatment. The Court finds that Plaintiff's allegations against Thompson are not sufficient to state a Fourteenth Amendment claim and that the claims against her must therefore be dismissed for failure to state a claim upon which relief may be granted.

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims against all Defendants, claims against SHP, and individual-capacity claims against Phillips and Thompson are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no claims remain against them, the Clerk of Court is **DIRECTED to terminate SHP, Phillips, and Thompson** as parties to this action.

The Court will enter a separate Service and Scheduling Order governing the claims which will be allowed to proceed.

Date: October 21, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Daviess County Attorney
4414.010